1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9    Andy Raymat-Pena,

10               Petitioner,

11    v.

12    United States Immigration and Customs Enforcement, et al.,

13               Respondents.

No. CV-25-03197-PHX-JJT (MTM)

**REPORT AND RECOMMENDATION**

16    TO THE HONORABLE JOHN J. TUCHI, UNITED STATES DISTRICT JUDGE:

17    Self-represented Petitioner Andy Raymat-Pena, who is confined in the Eloy Detention Center, filed a Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 1.) Among his claims, Petitioner asserts under *Zadvydas v. Davis*, 533 U.S. 678 (2001), that his detention "beyond the removal period" is unlawful. (*Id.*) The Court subsequently screened the Petition and required an answer to the Petition. (Doc. 5.) In that same Order, the Court stated: "Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action." (*Id.*)

26    On September 29, 2025, and again on October 6, 2025, mail was returned to the Court as undeliverable stating "not in custody." (Docs. 12, 13.) Accordingly, on October 8, 2025, the Court issued an Order requiring Petitioner to either: (1) file a notice of change

1   of address, or (2) show cause why this matter should not be dismissed for failure to

2   prosecute in light of his failure to file a notice of change of address. (Doc. 14.)

3       On October 10, 2025, Respondents filed an Answer and accompanying Declaration

4   of Shadd M. Hoffman, Deportation Officer with the U.S. Department of Homeland

5   Security, U.S. Immigration and Customs Enforcement, Enforcement and Removal

6   Operations, stating that pursuant to his final removal order, Petitioner Andy Raymat-Pena

7   was removed from the United States to Mexico on September 5, 2025. (Docs. 16, 16-1.)

8   Respondents state that the only requested relief in Petitioner's habeas petition was release

9   from custody, and now that he has been released from custody and removed from the

10  United States, the Court can no longer grant any further effective relief. (*Id.*)

11      Accordingly, it appearing that Petitioner has been removed, that there is no longer

12  a live case or controversy in this matter, and that the habeas petition is now moot, the Court

13  will recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.

14      **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of

15  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without

16  prejudice.

17      This recommendation is not an order that is immediately appealable to the Ninth

18  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

19  Appellate Procedure, should not be filed until entry of the district court's judgment. The

20  parties shall have fourteen days from the date of service of a copy of this recommendation

21  within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1);

22  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen

23  days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of

24  Civil Procedure for the United States District Court for the District of Arizona, objections

25  to the Report and Recommendation may not exceed seventeen (17) pages in length.

26      Failure timely to file objections to the Magistrate Judge's Report and

27  Recommendation may result in the acceptance of the Report and Recommendation by the

28  district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114,

1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 20th day of October, 2025.

Honorable Michael T. Morrissey
United States Magistrate Judge